United States Bankruptcy Court Southern - Texas
ENTERED
06/30/2020

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| COVIA HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 20-33295 (DRJ) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 10** |

**ORDER (I) AUTHORIZING THE
DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER
COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE
EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing, but not directing, the Debtors to (i) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (ii) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/Covia. The location of Debtor Covia Holdings Corporation's principal place of business and the Debtors' service address is: 3 Summit Park Drive, Suite 700, Independence, Ohio 44131.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized, but not directed, to continue and/or modify, change, or discontinue the Employee Compensation and Benefits, subject to the Bankruptcy Code and applicable law, on a postpetition basis, in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices, and, in the Debtors' discretion, to pay and honor prepetition amounts related thereto. The Debtors shall provide reasonable advance notice to the U.S. Trustee, any statutory committee appointed in these chapter 11 cases, and counsel to the Ad Hoc Term Lender Group of any material changes or modifications to the Employee Compensation and Benefits. For the avoidance of doubt, should the Debtors seek to pay Employee Compensation and Benefits to any Employee in excess of the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, the Debtors shall seek such relief pursuant to a separate motion.

2. The Debtors are authorized, but not directed, to continue to honor Reimbursable Expenses obligations and all other prepetition Miscellaneous Employee Benefits subject to the

terms and conditions thereof, including the payment of any service fees incurred in connection therewith, and to pay any prepetition amounts related thereto.

3. The Debtors are authorized, but not directed, in their discretion to continue the Non-Insider Severance Programs, Union Severance, and the Key Employee Annual Compensation Plan and to pay and honor any amounts related to such programs in the ordinary course of business and consistent with past practices. Before making any payments on account of the Non-Insider Severance Programs, Union Severance, and the Key Employee Annual Compensation Plan in excess of (y) $300,000 in the aggregate in any calendar month or (z) $50,000 to any individual, the Debtors shall provide five (5) days' advance notice to the U.S. Trustee, counsel to the Ad Hoc Term Lender Group, and any statutory committee of (a) the title of the claimant, (b) the amount of the payment to such claimant, and (c) the proposed payment date. The Debtors shall maintain a matrix, schedule, or other summary of amounts paid related to the Non-Insider Severance Programs, Union Severance, and the Key Employee Annual Compensation Plan, subject to the terms and conditions of this Order, including the following information: (a) the name of the claimant paid; (b) the amount of the payment to such claimant; (c) the total amount paid to the claimant to date; (d) the category of claimant, as further described and classified in the Motion; (e) the payment date; and (f) the purpose of such payment. The Debtors shall provide a copy of such matrix, schedule, or other summary to the U.S. Trustee, counsel to the Ad Hoc Term Lender Group, and any statutory committee appointed in these chapter 11 cases every 30 days beginning upon entry of this Order.

4. Nothing herein shall be deemed to authorize the payment of any amounts which violate or implicate section 503(c) of the Bankruptcy Code, including any bonus, incentive, retention, or severance payments to any "insider" as defined in section 101(31) of the Bankruptcy

Code, *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time by separate motion.

5. Pursuant to section 362(d) of the Bankruptcy Code, (a) Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Programs, and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Programs.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are

valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

7. Nothing in the Motion or this Order shall impair the ability of the Debtors to contest the validity or amount of any payment made pursuant to this Order.

8. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Worker or other person or entity.

9. The Debtors' banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

10. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits, Reimbursable Expenses, and Miscellaneous Employee Benefits.

11. Notwithstanding anything to the contrary contained herein, (i) any payment to be made, or authorization contained, hereunder shall be subject to the requirements or limitations imposed on the Debtors under any approved order regarding the use of cash collateral approved by this Court in these chapter 11 cases, and (ii) to the extent there is any inconsistency between

the terms of such cash collateral order and any action taken or this Order, the terms of such cash collateral order shall control.

12. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: June 30, 2020.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**