# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COVIA HOLDINGS CORPORATION, *et al.*,[1] | ) Case No. 20-33295 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |

## COVIA HOLDINGS CORPORATION'S
## FINAL WITNESS LIST FOR CONFIRMATION HEARING

The above-captioned debtors and debtors in possession (collectively, the "Debtors") submit the following Final Witness List for the Confirmation Hearing scheduled to begin on December 7, 2020 in accordance with rule 9013-2(c) of the Bankruptcy Local Rules for the Southern District of Texas.

The Debtors intend to call the following witnesses to address the following topics:

1. *Jeffrey Scofield, Board of Directors, Covia Holdings Corp. (Fact Witness).* The Independent Directors' Committee's investigation and evaluation of the Unsecured Creditors Committee's Alleged Claims and consideration of Covia's settlement with Sibelco; the Independent Directors' Committee's judgment that the Alleged Claims are not colorable and would provide no net benefit to the Debtors' estates, due to low likelihood of success and attendant cost, delay, and disruption of any such litigation; the Independent Directors' Committee's judgment to support Covia's settlement with Sibelco; and the Independent Directors' Committee's recommendations to the Non-Sibelco Members of the Covia Holdings Corporation Board of Directors in support of Covia's settlement with Sibelco and against pursuing the Alleged Claims.

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list may be obtained on the website of the Debtors' claims, noticing and solicitation agent at http://cases.primeclerk.com/Covia. Debtor Covia Holdings Corporation's principal place of business and the Debtors' service address is: 3 Summit Park Drive, Suite 700, Independence, OH 44131.

1

2. *Andrew Eich, Executive Vice President, Chief Financial Officer, and Treasurer, Covia Holdings Corp. (Fact Witness).* Unimin's and Covia's businesses; Unimin's merger with Fairmount, including Unimin's business rationale for seeking a merger with Fairmount and timing of negotiations, and related redemption and loan transactions; Barclays' and American Stock Transfer & Trust Company, LLC's involvement in the merger transactions; pre-merger projections by Sibelco's management and financial advisors; Unimin's pre-merger expected and actual financial performance and condition; Covia's expected and actual post-merger financial performance, business plans and strategy, and conditions in the proppant market through 2020; circumstances contributing to, negotiations concerning, and timing of Covia's chapter 11 cases; expected impacts of Alleged Claims on Covia's business and restructuring process; the Debtors' proposed plan of reorganization, including the appropriateness of the terms thereof; the feasibility and financial projections for the post-emergence business; Covia's settlement with Sibelco and related negotiations.

3. *Kevin Montague, AlixPartners (Expert Witness).* Analysis performed at the request of Independent Directors' Committee regarding colorability and viability of Alleged Claims; actual and projected financial condition and performance of Unimin, Fairmount Santrol, and Covia, including Covia's solvency and capitalization.

4. *Jean-Luc Deleersnyder, Board of Directors, Covia Holdings Corp. (Fact Witness).* Sibelco's business rationale for seeking a merger for Unimin and related redemptions; the negotiation and terms of the merger transaction with Fairmount; Unimin's pre-merger financial condition and performance; Sibelco's projections for Covia and the proppant market, and their actual performance; and the factors that led Covia ultimately to file for bankruptcy protection.

5. *Matt LeBaron, Board of Directors, Covia Holdings Corp. (Fact Witness).* Fairmount's business and its rationale for seeking a merger with Unimin; the terms of negotiations with Unimin and other potential merger partners; Fairmount's pre-merger financial condition and projections; Fairmount's projections for Covia and the proppant market; Covia's expected and actual post-closing financial condition and performance; the factors that led Covia ultimately to file for bankruptcy; and the formation of the Covia Board's Independent Directors' Committee to investigate potential claims against Sibelco in connection with the Debtors' chapter 11 filing.

6. *Jim Daloia, Prime Clerk (Fact Witness).* Solicitation of votes and tabulation of ballots cast on the Debtors' plan of reorganization.

7. *Brent Herlihy, PJT Partners (Expert Witness).* The reorganized Debtors' total enterprise value is between approximately $900 million and $1,150 million, with a midpoint of approximately $1,025 million; the settlement

2

among the Debtors, the Senior Creditors, and the Unsecured Creditors' Committee provides additional value to the Debtors' unsecured creditors; and the Debtors' financial projections establish that the Debtors' proposed chapter 11 reorganization plan is feasible.

8. *James Nelson, AlixPartners (Expert Witness).* Under the Debtors' proposed chapter 11 reorganization plan, the Debtors' creditors will receive a greater recovery on account of their claims than they would if the Debtors' estates were liquidated under chapter 7 of the Bankruptcy Code, as set forth in the liquidation analysis attached as Exhibit E to the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Reorganization of Covia Holdings Corporation and Its Debtor Affiliates.* [D.I. 685]

Covia may also call the following witnesses as it deems necessary: (a) any witness designated or called by the Committee or another party; (b) any witness disclosed or identified in discovery responses; (c) any witness necessary for impeachment or rebuttal; and/or (d) any witness necessary to authenticate any exhibit.

## RESERVATION OF RIGHTS

The Debtors reserve the right to call or to introduce one or more, or none, of the witnesses listed above, and further reserve the right to supplement this Final Witness List prior to the Confirmation Hearing.

Houston, Texas
December 3, 2020

*/s/ Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Vienna F. Anaya (TX Bar No. 24091225) | Gabor Balassa, P.C. (admitted *pro hac vice*) |
| Genevieve M. Graham (TX Bar No. 24085340) | 300 North LaSalle Street |
| Victoria N. Argeroplos (TX Bar No. 24105799) | Chicago, Illinois 60654 |
| 1401 McKinney Street, Suite 1900 | Telephone: (312) 862-2000 |
| Houston, Texas 77010 | Facsimile: (312) 862-2200 |
| Telephone: (713) 752 -4200 | Email: gbalassa@kirkland.com |
| Facsimile: (713) 752-4221 | |
| Email: mcavenaugh@jw.com | -and- |
| vanaya@jw.com | |
| ggraham@jw.com | **KIRKLAND & ELLIS LLP** |
| vargeroplos@jw.com | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | Daniel T. Donovan, P.C. (admitted *pro hac vice*) |
| *Co-Counsel to the Debtors* | 1301 Pennsylvania Avenue, N.W. |
| *and Debtors in Possession* | Washington, D.C. 20004 |
| | Telephone: (202) 389-5000 |
| | Facsimile: (202) 389-5200 |
| | Email: daniel.donovan@kirkland.com |
| | |
| | *Co-Counsel to the Debtors* |
| | *and Debtors in Possession* |

**Certificate of Service**

   I certify that on December 3, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                    */s/ Matthew D. Cavenaugh*
                    Matthew D. Cavenaugh